UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alvin Faulkner

   v.                                       Case No. 20-cv-177-SM

United States Marshal Service

**REPORT AND RECOMMENDATION**

Petitioner Alvin Faulkner, who is incarcerated at the Western Correctional Institution in Cumberland, Maryland ("WCI"), has filed a petition for a writ of habeas corpus (Doc. No. 1) in this court pursuant to 28 U.S.C. § 2241. The petition is before the undersigned Magistrate Judge for preliminary review to determine whether it is facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes [Petitioner]'s pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

Mr. Faulkner's claims are not entirely clear, but it appears that he is alleging that he entered into an agreement to provide the rights to a federal patent he owned to the United States Attorney General in exchange for a pardon in his Maryland state criminal case, and unconditional release from Maryland state custody.  Mr. Faulkner alleges that the United States Marshals Service ("USMS") attempted to execute his pardon, but was prevented from doing so by a state employee.  He asks this court to enter an order effectuating his release from Maryland state custody.

**Discussion**

I.   Proper Respondent

Mr. Faulkner has identified the USMS as the respondent to this action.  The proper respondent to a habeas petition is the warden of the facility in which he is presently incarcerated.

See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, the proper respondent here is the WCI Warden.

II.  Personal Jurisdiction

"[W]ith respect to habeas petitions 'designed to relieve an individual from oppressive confinement,'" a writ of habeas corpus is "'issueable only in the district of confinement.'" Padilla, 542 U.S. at 442.  That "district off confinement rule" requires that the court issuing the writ "have personal jurisdiction over the person who holds the petitioner in custody."  Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000); see also Padilla, 542 U.S. at 442; 28 U.S.C. § 2241(a) (limiting district courts to granting habeas relief "within their respective jurisdictions").

WCI is not within the territorial jurisdiction of this court.  This court, therefore, lacks the personal jurisdiction over the WCI Warden, Mr. Faulkner's immediate custodian.  As such personal jurisdiction is necessary for this court to order the relief Mr. Faulkner seeks, the district judge should dismiss this petition in its entirety for lack of personal jurisdiction, without prejudice to Mr. Faulkner's ability to assert his claims in the District of Maryland.  See Padilla, 542 U.S. at 446-47; Vasquez, 233 F.3d at 691.

**Conclusion**

For the foregoing reasons, the district judge should dismiss Mr. Faulkner's petition for a writ of habeas corpus (Doc. No. 1) without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 24, 2021

cc:  Alvin Faulkner, pro se